UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

YONAS SAMUEL,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-01675-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.   INTRODUCTION

Petitioner Yonas Samuel is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). *Id.* For the reasons set forth below, the Court GRANTS the petition.

## II.   BACKGROUND

Petitioner is a citizen of Eritrea with refugee status in Germany, where he lived from 2016 to 2024. *Id.* at 5; Dkt. 6 ¶ 4. On January 22, 2025, he entered the United States without inspection and was apprehended by Border Patrol agents that same day. Dkt. 1 at 5; Dkt. 6 ¶¶ 4–5; Dkt. 7-1. He was served with a notice and order of expedited removal, and he has remained in

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

Immigration and Customs Enforcement ("ICE") detention since that time. Dkt. 1 at 5; Dkt. 6 ¶¶ 6–7; Dkt. 7-2.

In October 2025, United States Citizenship and Immigration Services determined that Petitioner did not have a credible fear of return to Eritrea. Dkt. 6 ¶ 12. On October 29, an Immigration Judge ("IJ") affirmed that decision and entered an order of deportation, which became administratively final on that day. *Id.* ¶ 13; Dkt. 1 at 5.

In the time since, ICE has been in contact with the German consulate to coordinate Petitioner's removal to Germany. In March 2026, Petitioner flew to the German consulate in San Francisco, where he received a biometrics appointment and interview. Dkt. 1 at 5–6; Dkt. 6 ¶ 15. Petitioner applied for a travel document with the German consulate, and ICE paid the application processing fee in June. Dkt. 6 ¶¶ 16–17; Dkt. 10. As of July 2, ICE had not received a response from the German consulate. Dkt. 10.

On May 15, 2026, Petitioner filed a petition for writ of habeas corpus seeking immediate release from custody and injunctive relief from punitive removal to a third country. Dkt. 1. On June 1, Federal Respondents filed a return, and on June 5, Petitioner filed a traverse. Dkts. 7, 8. On June 25, the Court ordered Federal Respondents to supplement the record with information regarding the status of Petitioner's application for a travel document to Germany. Dkt. 9. Federal Respondents filed a status report on July 2. Dkt. 10. The habeas petition is now ripe for the Court's review.

### III.   LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

Additionally, the federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v.*

*W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

### IV.    DISCUSSION

Petitioner argues that his detention has become indefinite because there is no significant likelihood of his removal to either Eritrea or Germany in the reasonably foreseeable future. Dkt. 1 at 6–9. He also claims that Respondents have engaged in a scheme of punitive removal to third countries "without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 18–21. Petitioner asks that the Court release him from custody and enjoin Respondents from re-detaining him or removing him to a third country without certain procedural protections. *Id*. at 27–28.

Federal Respondents contend that removal to Germany is reasonably foreseeable, based on the steps ICE has taken to obtain a travel document from the German consulate. Dkt. 5 at 6–7. They also oppose Petitioner's claims for injunctive relief, arguing that (1) his requests for restrictions on re-detention are speculative and not required by law, *id.* at 7–10, and (2) that injunctive relief against third-country removal is not warranted, as there is no evidence that ICE intends to remove Petitioner to any country aside from Germany or Eritrea. *Id.* at 10–11.

### A.    Petitioner's detention has become indefinite.

Petitioner is a noncitizen detained within the United States for over eighteen months. *See* Dkt. 1 at 3. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. Having been detained already for nearly nine months after an IJ ordered his removal, *see* Dkt. 6 ¶ 13, Petitioner's continued detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. As Petitioner correctly notes, ICE has not secured a travel document for him from

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 4

either Germany or Eritrea, and neither country has agreed to admit him, Dkt. 1 at 6; this "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

The burden thus shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Federal Respondents have not met that burden here. While Federal Respondents have provided evidence that ICE has submitted an application processing fee for a travel document to Germany, *see* Dkt. 11, they have offered no "specific timeline or estimate for removal" to that country. *Hagos v. Blanche*, No. 2:26-CV-01513-TLF, 2026 WL 1905861, at *3 (W.D. Wash. July 2, 2026); *Saadhom v. Bondi*, --- F. Supp. 3d ----, No. 2:26-CV-00425-TL, 2026 WL 698786, at *5 (W.D. Wash. Mar. 12, 2026) ("Respondents assert that they have submitted travel document requests to Canada, Panama, and Costa Rica, but they are silent as to whether they have heard back from those countries. . . . Respondents admit there is no specific date of anticipated removal, despite [Petitioner's] final removal order having been entered over nine months ago. These efforts do not make removal reasonably foreseeable." (citation omitted)); *Edin v. Blanche*, No. C26-1208-MLP, 2026 WL 1256141, at *4 (W.D. Wash. May 7, 2026) (concluding that removal was not reasonably foreseeable where it had "been over three months since ICE submitted Petitioner's [passport] application, and two months since his embassy interview, with no indication that the application has been accepted, processed, or approved"). And Federal Respondents submit no evidence that ICE has sought removal to Eritrea.

It may be that Federal Respondents will eventually obtain the documents necessary to remove Petitioner to Germany. But right now, there is no reasonably foreseeable timeline for that outcome, and no end in sight to Petitioner's detention. That is the definition of indefinite.

Because the government has failed to rebut Petitioner's showing that his detention has become indefinite, the Court GRANTS the petition for writ of habeas corpus.

**B.      The Court denies Petitioner's requests for further injunctive relief.**

*1.      Petitioner has not shown that he is at risk of removal to a third country.*

In addition to his immediate release on his habeas petition, Petitioner asks the Court to restrict Respondents' ability to remove him to an unknown third country. Dkt. 1 at 24–27. Specifically, Petitioner requests an "[o]rder that Respondents may not remove or seek to remove Mr. Samuel to a third country without notice and meaningful opportunity to respond in compliance with the [INA] and due process in reopened removal proceedings." *Id*. at 28. He argues that such an order is necessary because "Respondents have developed and implemented a policy and practice of removing individuals to third countries, without first following the procedures in the INA for designation and removal to a third country and without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 18.

The Court notes that under Ninth Circuit precedent—which binds Federal Respondents in this circuit—due process requires ICE to "notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported" before deportation to a country not listed in the removal order. *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)). But for the purpose of permanent injunctive relief, although the petition contains legal argument challenging the government's third-country removal policies, it does not explain why *Petitioner* faces an individual likelihood of removal under those policies at this time. *See id*. at 14–22. Petitioner concedes in his traverse that ICE has not expressed an intent to remove him to a third country. Dkt. 8 at 8. While every noncitizen with a final removal order faces a possibility that the government will seek third-

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

country removal, the law does not allow permanent injunctive relief on that basis. The Court cannot conclude that "without an injunction, Petitioner faces a likelihood of removal to a third country with no meaningful opportunity to challenge that decision."[1] *Nguyen v. Scott*, 796 F. Supp. 3d 703, 737 (W.D. Wash. 2025). This request for injunctive relief is therefore DENIED.

> 2.      *Petitioner is not entitled to further protections against re-detention.*

Petitioner also requests an order that the government may not re-detain him unless it (1) holds a pre-deprivation hearing; (2) obtains a valid travel document to Germany; (3) provides the travel document to him and his counsel; and (4) offers him the opportunity to leave on his own within two months. Dkt. 1 at 27–28. But the record does not contain sufficient argument or authority to establish that the Due Process Clause will be violated in the absence of these specific procedures, particularly when any effort to re-detain Petitioner would be governed by the regulations set forth in 8 C.F.R. § 241.13. *See* Dkt. 1 at 13–14 (acknowledging that § 241.13 governs revocation of release for noncitizens subject to a final order of removal). The Court therefore DENIES these requests for injunctive relief. The Court also notes that, once he is released from custody based on this order, Petitioner may undertake his own effort to assist in securing his travel documents for return to Germany.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS the petition for writ of habeas corpus but DENIES Petitioner's request for further injunctive relief without prejudice. Dkt. 1.

---

[1] Petitioner also asks the Court to "[o]rder that Respondents may not remove Mr. Samuel to any third country where he is likely to face imprisonment or other punishment upon arrival." Dkt. 1 at 28. This request fails for similar reasons. Although Petitioner describes other instances of punitive third-country deportations, *see id.* at 20–21, he has not established a personal "cognizable danger" of removal to a third country where he is likely to face imprisonment or other punishment. *Cummings*, 316 F.3d at 897.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

1.      Respondents are ORDERED to release Petitioner Yonas Samuel from custody[2] within ONE day of this Order.

2.      Counsel for Respondents shall submit a status report to the Court by the end of the day on July 22, 2026 confirming Petitioner's release.

Dated this 20th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

---

[2] Subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3))."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 8